UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NOSSE,

    Plaintiff,

v.                                                      Civil Case No. 22-11283
                                                      Honorable Linda V. Parker

CITY OF ANN ARBOR,
DEREK DELACOURT,
BRANDON BOGGS,
RITA FULTON,
CHRISTOPHER MACFARLAND,
GLEN DEMPSEY, and
LISHA TURNER-TOLBERT,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING

    Plaintiff filed this lawsuit against Defendants on June 9, 2022, challenging the City of Ann Arbor's housing policies. Defendants responded to Plaintiff's Complaint with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on July 14, 2022. (ECF No. 9.) On the same date, Plaintiff filed a motion for preliminary injunction. (ECF No. 10.) Four days later, on July 18, Plaintiff moved for expedited briefing with respect to his motion for injunctive relief. (ECF No. 10.) Defendant responded to the motion, arguing that "good

cause" is lacking to justify expedited consideration. (ECF No. 11.) This Court agrees and, therefore, is denying Plaintiff's request.

Pursuant to 18 U.S.C. § 1657(a), the courts maintain the discretion to "determine the order in which civil actions are heard and determined," although certain actions, including actions for injunctive relief, are to be expedited "if good cause . . . is shown." Section 1657 indicates that " '[g]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id*. For the reasons stated in Defendant's response brief, and because Plaintiff's Complaint undermines a need for expedited consideration, the Court declines to hear and determine Plaintiff's motion for preliminary injunction on an expedited basis.

Plaintiff's Complaint reflects that he has owned two properties in the City of Ann Arbor ("City") for over a decade and been subjected to enforcement actions "within months of . . . first becoming an . . . owner." (ECF No. 1 at Pg ID 7, 11, ¶¶ 22, 23, 49.) In fact, Plaintiff has owned one of the homes since October 2000 (*id.* at Pg ID 12, ¶ 53), and the second since March 2004 (*id.* at Pg ID 14, ¶ 64). Plaintiff alleges that he has been forced to endure searches of the homes without his permission or warrant for years. (*See, e.g., id.*, ¶ 67.)

One of Plaintiff's tenants complained to the City in February 2022, after there were repeated sewage backups in the basement of one of the homes. (*Id.* at Pg ID 18-19, ¶¶ 93-98.) The City obtained an administrative warrant to inspect the home, which occurred on February 17. (ECF No. 1-8.) The City identified housing code violations during the inspection and subsequently sent Plaintiff a letter detailing those violations and requiring that they be corrected within 69 days. (*Id.*) Plaintiff alleges that he now fears criminal prosecution. (ECF No. 1 at Pg ID 20, ¶ 105.) He therefore filed the current lawsuit.

The fact that Plaintiff waited almost four months to file this lawsuit and then another month to move for a preliminary injunction undermines his claimed need for expedited relief. Moreover, there is no indication that the City has taken any action that would cause Plaintiff irreparable harm during this period. As Defendants point out in their response brief, the housing code requires the City to obtain a warrant for the inspection of premises, absent an emergency, "[w]here the owner or occupant demands [one.]" (ECF No. 1-1 at Pg ID 63, § 8:511(3).) Further, as Defendants also point out in their response brief, the housing code makes clear that any violation of its provisions is a civil infraction only. (*Id.* at Pg

ID 70, ¶ 8:519(2)(a).) There no longer are criminal penalties imposed for a violation.[1]

For these reasons, Plaintiff's request for expedited consideration of the motion for preliminary injunction is **DENIED** and Rule 7.1(3) of the Local Rules for the Eastern District of Michigan establishes the briefing schedule.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 27, 2022

---

[1] A prior version of the housing code did make violations a misdemeanor offense; however, a 2019 amendment to the code removed that penalty. (*See* ECF No. 13 at Pg ID 413 n.4.)